IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|  |  |  |
|---|---|---|
| DEBORAH L. KINNISON, | § | |
| | § | |
| | § | |
| | § | |
| Plaintiff, | § | Civil Action |
| | § | No. C-06-355 |
| v. | § | |
| | § | |
| HUMANA HEALTH PLAN OF TEXAS, | § | |
| INC., et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On this day came on to be considered the motion for summary judgment of Defendants Humana Health Plan of Texas, Inc., Humana, Inc., and Humana Insurance Company (together, "Defendants") (D.E. 20).[1] Specifically, Defendants move for summary judgment on all of Plaintiff Deborah Kinnison's state law claims against Defendants. For the reasons set forth below, Defendants' motion for summary judgment is hereby GRANTED, and Plaintiff's state law claims

---

[1]Defendants originally filed their motion as a "Motion to Dismiss or Alternative Motion for Summary Judgment." The Defendants classified their motion as a "motion to dismiss for failure to state a claim upon which relief can be granted and motion for judgment on the pleadings under Federal Rules of Civil Procedure 12(b)(6) and 12(c)", and in the alternative, a "motion for summary judgment under Federal Rule of Civil Procedure 56." (Motion, p. 1). On April 3, 2007, the Court ordered that it would treat Defendants' above-referenced motion <u>solely as a motion for summary judgment</u>, filed pursuant to Federal Rule of Civil Procedure 56 (D.E. 21). The Court ordered that it would not treat the above-referenced motion as a motion to dismiss or motion for judgment on the pleadings under Federal Rules of Civil Procedure 12(b)(6) or 12(c). (<u>Id.</u>).

against Defendants for negligence, gross negligence, fraud, breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and violations of the Texas Insurance Code are hereby DISMISSED as preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA").

I.   **Factual Background**

The following facts are not in dispute.  At the time relevant to this dispute, Plaintiff Deborah Kinnison was a Corpus Christi resident and an employee of Mike Harvey Oil & Gas.  (Notice of Removal, Exh. A2, Kinnison Enrollment Form[2]; DX-A3, Prest & Associates External Review Report[3]).  On November 2, 2004, Plaintiff enrolled in the Mike W. Harvey Oil & Gas group health insurance plan (Group No. 568322), administered by Humana Insurance Company ("Humana").  (Notice of Removal, Exh. A, Enfors Aff., ¶ 6; Notice of Removal, Exh. A2, Kinnison Enrollment Form).  This plan was in effect in August and September, 2005 (the time period at issue in this litigation).  (Enfors Aff., ¶ 6).  The group health insurance plan for Group 568322 is a plan covered by ERISA. (Notice of Removal, Exh. A1, Employer Group Application; Notice of

---

[2]In their motion for summary judgment, Defendants incorporated by reference the exhibits attached to their Notice of Removal.  (D.E. 1, Exhibits).

[3]For ease of reference, Defendants' Exhibits are designated as "DX" and Plaintiff's Exhibit is designated as "PX".

Removal, Exh. A3, Humana Insurance Policy).[4]

On August 8, 2005, Plaintiff entered the Betty Ford Center in Rancho Mirage, California for treatment for drug and alcohol dependence. (DX-A1, Corphealth Report; Prest & Associates External Review Report). From August 8 to 12, 2005, Plaintiff received inpatient detoxification treatment at the Betty Ford Center. (Id.). From August 13 to September 7, 2005, Plaintiff received inpatient rehabilitation services at the Betty Ford Center. (Id.).

---

[4]Plaintiff does not dispute that the plan purchased by Mike W. Harvey Oil & Gas is a plan covered by ERISA. "ERISA applies to any employee benefit plan if it is established or maintained by an employer or an employee organization engaged in commerce or in any industry or activity affecting commerce." Mem'l Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236, 240 (5th Cir. 1990); see also 29 U.S.C. § 1003(a). ERISA Section 3(1) defines a covered "employee welfare benefit plan" as "any plan, fund, or program ... established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing [certain benefits] for its participants or their beneficiaries...". 29 U.S.C. § 1002(1). In this case, Mike W. Harvey Oil & Gas, an entity engaged in commerce, purchased the plan at issue for the benefit of its employees, and Mike W. Harvey Oil & Gas agreed to pay at least 50% of the premiums charged for its enrolled employees. (Enfor Aff., ¶ 5). The plan meets the criteria of 29 U.S.C. § 1003(a) and 1002(1), and the criteria established by the Fifth Circuit to establish whether a plan is covered by ERISA. See Meredith v. Time Ins. Co., 980 F.2d 352, 355 (5th Cir. 1993) (the plan exists, is not exempted from ERISA coverage by the Department of Labor Safe Harbor provisions, and the plan satisfies the primary elements of an ERISA employee benefit plan). (The DOL safe harbor provisions do not exempt this plan from ERISA coverage because the employer paid at least 50% of premiums for covered employees). Also of note, the group application for insurance submitted by Mike W. Harvey Oil & Gas specifically states that the plan will be covered by ERISA, with Mike W. Harvey Oil & Gas as the ERISA Plan Administrator. (Enfors Aff., ¶ 5; Employer Group Application).

Plaintiff borrowed money to pay the Betty Ford Center for her treatment, and Plaintiff later submitted her claim for coverage to Humana. (PX-1, Kinnison Aff., p. 2).

Plaintiff's claim was initially reviewed by Corphealth, Inc. ("Corphealth"), which provides utilization review services for Humana. (DX-A, Cornelissen Aff., ¶ 4). Corphealth, via its physician reviewer, did certify Plaintiff's August 8-12, 2005 treatment at the Betty Ford Center, but did not certify the August 13 to September 7, 2005 inpatient rehabilitation services portion of Plaintiff's treatment, on the grounds that Plaintiff did not meet the continued stay criteria for a residential level of care. (Corphealth Report). Plaintiff appealed this decision to Humana, and Humana arranged for an external independent review of Plaintiff's claim. (Cornelissen Aff., ¶ 5). Plaintiff's claim was sent to Prest & Associates, an independent review organization. (Id.). Prest & Associates, through its two board certified physician reviewers, affirmed Corphealth's denial of Plaintiff's claim for coverage from August 13 to September 7, 2005. (Prest & Associates External Review Report). The Prest & Associates report states that "[b]eyond the last authorized day of 08/12/05 ... [Plaintiff] could safely have been treated in an intensive outpatient setting." (Id., p. 2).

On April 28, 2006, Humana notified Plaintiff that it denied Plaintiff's appeal, after "all of the available information was

reviewed by an independent physician reviewer". (Cornelissen Aff.,
¶ 7; DX-4, April 28, 2006 Letter from K. Cornelissen to J.
Williams).   Humana's notification letter stated that if the
member's plan is governed by ERISA "and if the member wants a court
to review our final decision, the member may file a civil action
under Section 502(a) of ERISA."  (Id.).

## II.  **Procedural Background**

Plaintiff originally filed this case in state court on June
29, 2006. (Notice of Removal, ¶ 1; Plaintiff's Original Petition).
The named Defendants were served on July 12, 2006.  (Notice of
Removal, ¶ 7). Defendants removed the case on August 11, 2006, on
the grounds that at least one of Plaintiff's claims was completely
preempted by ERISA.  (Notice of Removal, ¶¶ 2-3).[5]

Plaintiff filed her first Amended Original Complaint ("Amended
Complaint") in this case on January 11, 2007 (D.E. 15).  Plaintiff
asserts the following Texas state law claims against Defendants in
her Amended Complaint: negligence, gross negligence, fraud, breach
of contract, violations of the Texas DTPA, and violations of the
Texas Insurance Code. (Amended Complaint, ¶ 15).  Plaintiff does
not bring a claim against Defendants under ERISA Section 502(a).

Defendants filed the instant motion for summary judgment on

---

[5]This case was originally assigned to Chief Judge Hayden
Head.  Judge Head recused on October 4, 2006, and the case was
assigned to this Court (D.E. 9).

March 30, 2007 (D.E. 20).[6]  Defendants request that Plaintiff's
state law claims be dismissed as preempted by ERISA.  Defendants
have submitted evidence in support of their motion, including
copies of the reports of Corphealth and external reviewer Prest &
Associates.  (See D.E. 20, attachments DX-A through DX-A4).

Plaintiff filed her response to Defendants' motion on May 1,
2007 (D.E. 23).[7]  Plaintiff asserts various arguments why her state
law claims are not preempted by ERISA, and Plaintiff has submitted
a  declaration in support of her response.  (See D.E. 23, Exh. PX-
1).

## III. Discussion

### A.    Summary Judgment Standard

Federal Rule of Civil Procedure 56 states that summary
judgment is appropriate if the "pleadings, depositions, answers to
interrogatories, and admissions on file, together with the
affidavits, if any, show that there is no genuine issue as to any
material fact."  Fed. R. Civ. P. 56(c).  The substantive law
identifies which facts are material.  See Anderson v. Liberty
Lobby, Inc., 477 U.S. 242, 248 (1986); Ellison v. Software

_____

[6]As noted above, Defendants' motion was originally styled as
a motion to dismiss, and in the alternative, a motion for summary
judgment.  The Court issued an Order on April 3, 2007 stating
that the Court would treat Defendants' motion as a motion for
summary judgment, rather than as a motion to dismiss (D.E. 21).

[7]The Court granted Plaintiff's motion to file a late
response to Defendants' motion for summary judgment (D.E. 25).

Spectrum, Inc., 85 F.3d 187, 189 (5th Cir. 1996).  A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; see also Judwin Props., Inc., v. U.S. Fire Ins. Co., 973 F.2d 432, 435 (5th Cir. 1992).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1046-1047 (5th Cir. 1996).  If the nonmovant bears the burden of proof on a claim, the moving party may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case.  See Celotex Corp., 477 U.S. at 325; Ocean Energy II, Inc. v. Alexander & Alexander, Inc., 868 F.2d 740, 747 (5th Cir. 1989).

Once the moving party has carried its burden, the nonmovant "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also Schaefer v. Gulf Coast Reg'l Blood Ctr., 10 F.3d 327, 330 (5th Cir. 1994) (stating that nonmoving party must "produce affirmative and specific facts" demonstrating a genuine issue).

When the parties have submitted evidence of conflicting facts, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Willis, 61 F.3d at 315.  Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the nonmoving party, no reasonable jury could return a verdict for that party.  See, e.g., Rubinstein v. Adm'rs of the Tulane Educ. Fund, 218 F.3d 392, 399 (5th Cir. 2000).

**B.   ERISA Preemption of State Law Claims**

There are two types of ERISA preemption:  conflict, or ordinary preemption under ERISA Section 514, and complete preemption under ERISA Section 502(a).  See 29 U.S.C. §§ 1132(a), 1442(a).

**1.   Complete Preemption**

ERISA "complete preemption" occurs when a state-law cause of action falls within the scope of a particular enforcement provision in ERISA Section 502(a).  See 29 U.S.C. § 1132(a); Arana v. Ochsner Health Plan, 338 F.3d 433, 440 (5th Cir. 2003);[8]  A state-law cause

---

[8]ERISA Section 502(a) states as follows in relevant part: "A civil action may be brought (1) by a participant or beneficiary ... (B) to recover benefits due to him under the terms of his plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).

The rationale for complete preemption has been explained as follows:

[T]he detailed provisions of § 502(a) [29 U.S.C. § 1132(a)] set forth a comprehensive civil enforcement

of action falls within the scope of an ERISA Section 502 enforcement provision when a plan participant or beneficiary seeks to recover benefits due or to enforce rights under an ERISA plan. See Transitional Hosps. Corp. v. Blue Cross and Blue Shield of Tex., 164 F.3d 952, 954 (5th Cir. 1999) (state-law claims for breach of fiduciary duty, negligence, equitable estoppel, breach of contract, and fraud are preempted by ERISA when the plaintiff seeks to recover benefits owed under the plan to a plan participant); Mem. Hosp. Sys., 904 F.2d at 245. When a plan participant or beneficiary sues to recover benefits or enforce rights under an ERISA plan, the plaintiff's state-law causes of action are completely preempted by ERISA Section 502(a). See Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 337 (5th Cir. 1999).

## 2. ERISA "Conflict Preemption"

The second type of preemption under ERISA is referred to as "conflict" or "ordinary" preemption. Bennett v. Life Ins. Co. of North Am., 398 F.Supp.2d 533, 538 (N.D. Tex. 2005). Conflict

---

scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 144 (1990) (internal quotations omitted).

preemption applies when a state law claim falls outside the scope of ERISA Section 502(a), but the claim is still preempted by ERISA Section 514.  See Giles, 172 F.3d at 337.  ERISA Section 514 states that ERISA's provisions "supersede any and all state common laws insofar as they relate to any employee benefit plan".  29 U.S.C. § 1144(a).  "The Supreme Court has 'observed repeatedly that this broadly worded provision is clearly expansive.'"  Bank Of Louisiana v. Aetna U.S. Healthcare Inc., 468 F.3d 237, 241 (5th Cir. 2006) (citing Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 146, (2001) (citing Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 655, (1995)).[9]

### 3.   Plaintiff's State Law Claims are Preempted by ERISA

In this case, at the very least, all of Plaintiff's state law claims are preempted by ERISA Section 514.[10]

---

[9]The Supreme Court has held that a state law "relates to an ERISA plan if it has a connection with or reference to such a plan." Egelhoff, 532 U.S. at 147 (citing Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 97 (1983)).  However, the Supreme Court has recognized "that the term 'relate to' cannot be taken 'to extend to the furthest stretch of its indeterminacy,' or else 'for all practical purposes pre-emption would never run its course.'" Id. at 146 (citing Travelers, 514 U.S. at 655).  The Supreme Court has, accordingly, "declined to apply an 'uncritical literalism' to the phrase and instead takes the 'the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive, as well as to the nature of the effect of the state law on ERISA plans.'"  Bank of Louisiana, 468 F.3d at 241 (citing Egelhoff, 532 U.S. at 146-47).

[10]Because all of Plaintiff's state law claims are unequivocally preempted by ERISA Section 514, the Court does not reach the issue of whether Plaintiff's state law claims are also completely preempted by ERISA Section 502(a).

"In determining whether state law claims 'relate to' a plan, we have commonly asked (1) whether the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) whether the claims directly affect the relationship among the traditional ERISA entities-the employer, the plan and its fiduciaries, and the participants and beneficiaries." Woods v. Texas Aggregates, L.L.C., 459 F.3d 600, 602 (5th Cir. 2006); see also Holloway v. Avalon Residential Care Homes, Inc., 107 Fed.Appx. 398, 400 (5th Cir. 2004) ("To determine whether a state law claim is preempted, we look to (1) whether the claim addresses areas of exclusive federal concern, and (2) whether the claim directly affects the relationship among traditional ERISA entities."); Hobson v. Robinson, 75 Fed.Appx. 949, 953 (5th Cir 2003) (same).

In this case, there is no genuine issue of material fact that all of Plaintiff's state law claims against Defendants are "related to" the ERISA plan purchased by Mike W. Harvey Oil & Gas.  The gravamen of all of Plaintiff's state law claims is that Defendants should not have denied Plaintiff coverage for the August 13 to September 7, 2005 portion of her stay at the Betty Ford Center. Specifically, Plaintiff complains that coverage should not be denied because of previous representations by Humana, that Humana did not properly handle Plaintiff's claim for coverage, and that Humana should not have denied Plaintiff's claim on the grounds that

Plaintiff's treatment was not "medically necessary."  (Amended Complaint, ¶¶ 7-11).  In connection with this alleged conduct, Plaintiff brings state law claims for negligence, gross negligence, fraud, breach of contract, violations of the Texas DTPA and violations of the Texas Insurance Code.  (Id., ¶ 12).

These state law claims all relate directly to Plaintiff's membership in the ERISA plan, and they fall squarely within the realm of ERISA conflict preemption.  First, the state law claims address an "are[a] of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan".  Woods, 459 F.3d at 602.  As noted above, the essence of all of Plaintiff's state law claims is that she should have received coverage under the Mike W. Harvey Oil & Gas ERISA plan.  All of Plaintiff's claims against Defendants are directly tied to her claim for coverage.

Second, all of Plaintiff's state law claims "directly affect the relationship among the traditional ERISA entities-the employer, the plan and its fiduciaries, and the participants and beneficiaries."  Id.  Plaintiff is a plan participant and beneficiary. (Kinnison Enrollment Form; Humana Insurance Policy). In her state law claims, Plaintiff seeks coverage for a portion of her treatment at the Betty Ford Center, and she complains of the manner in which Defendants denied her requested coverage.  (Amended Complaint, ¶¶ 7-11).  These claims directly affect Plaintiff's relationship with the ERISA plan and its fiduciaries, since if

Plaintiff's claims are successful, she may receive coverage and/or other benefits pertaining to her stay at the Betty Ford Center. This would clearly impact the relationship between Plaintiff and the plan and its fiduciaries.

Accordingly, based on the above, all of Plaintiff's state law claims meet the test for ERISA conflict preemption under ERISA Section 514.  See 29 U.S.C. § 1442(a); Woods, 459 F.3d at 602. Plaintiff's state law claims against Defendants for negligence, gross negligence, fraud, breach of contract, violations of the Texas DTPA and violations of the Texas Insurance Code are therefore DISMISSED as preempted by ERISA.

### C.   **Plaintiff's Arguments Re: ERISA Preemption**

Plaintiff makes various arguments alleging that ERISA should not preempt her state law claims in this case.  For the reasons set forth below, none of these arguments has merit, and Plaintiff's state law claims are unequivocally preempted by ERISA Section 514.

### 1.   **Mixed Treatment and Eligibility Decisions**

First, Plaintiff makes a series of unpersuasive arguments claiming that because Humana's denial of coverage was based on a "medical necessity" decision, that Plaintiff's claims regarding Humana's decision are not preempted by ERISA. (Response, pp. 3-4). Plaintiff cites decisions regarding "mixed" treatment and eligibility decisions, arguing that claims on such mixed decisions are not preempted by ERISA.  See, e.g., Pegram v. Herdrich, 530

U.S. 211 (2000) (addressing the issue of whether a plaintiff could bring a claim for ERISA breach of fiduciary duty against an insurer, when a physician-owner of the insurer made "mixed" decisions regarding treatment and coverage eligibility).

The cases cited by Plaintiff are not applicable to the instant action, because this case does not involve any "mixed" treatment and eligibility decisions. See, e.g., Aetna Health Inc. v. Davila, 542 U.S. 200, 221 (finding insurer's "coverage decisions" to be "pure eligibility decisions"); Pegram, 530 U.S. 211, 228 (2000) (classifying "pure 'eligibility decisions' [as those that] turn on the plan's coverage of a particular condition or medical procedure for its treatment", as distinguished from "'[t]reatment decisions' [that] are choices about how to go about diagnosing and treating a patient's condition").  Humana made no "treatment decisions" regarding Plaintiff in this case -- it was Plaintiff's medical providers who made and executed treatment decisions regarding Plaintiff's care.  Humana's only decision dealt with insurance coverage for the treatment Plaintiff had already received.[11]  Even

---

[11]Plaintiff makes a similar argument that if the decision to deny coverage is "characterized as one dictating medical care, then it is not subject to preemption." (Response, p. 5).  The case Plaintiff cites on this issue, Dukes v. U.S. Healthcare, Inc., 57 F.3d 350 (3rd Cir. 1995), deals with the issue of whether a claim is completely preempted for purposes of removal to federal court.  That is not the issue here.  Further, Dukes addresses a situation where the plaintiffs "are attempting to hold the HMOs liable for their role as the arrangers of the decedents' medical treatment."  Id. at 361 (emphasis added). This is not the case here.  Humana's decision regarding coverage did not dictate medical care.  The medical care was provided, it

if that determination was based on what was medically necessary for Plaintiff, it was still purely a coverage determination regarding payment after the fact.[12]

## 2. <u>Alleged Misrepresentation by Humana</u>

The Court also rejects Plaintiff's argument that ERISA does

---

is undisputed that Plaintiff received medical treatment at the Betty Ford Center from August 8 through September 7, 2005. (Corphealth Report; Prest & Associates External Review Report; Kinnison Aff., pp. 1-2). Humana did not "dictate" whether or not Plaintiff received treatment at the Betty Ford Center, rather, Humana made a coverage decision regarding payment for treatment that already took place.

[12]Plaintiff also cites a line of cases beginning with <u>Corp. Health Ins., Inc. v. Texas Dep't of Ins.</u>, 215 F.3d 526 (5th Cir. 2000). In that case, the Fifth Circuit held that the portion of a Texas law establishing independent review of HMO medical necessity determinations was preempted by ERISA. <u>See id.</u> at 537, 539. That judgment of the Fifth Circuit was vacated by the Supreme Court in <u>Montemayor v. Corp. Health Ins.</u>, 122 S.Ct. 2151 (2002), which remanded the case to the Fifth Circuit for further consideration in light of the Supreme Court case of <u>Rush Prudential HMO, Inc. v. Moran</u>, 536 U.S. 355 (2002). The Fifth Circuit issued a new opinion, <u>Corp. Health Ins., Inc. v. Texas Dep't of Ins.</u>, 314 F.3d 784 (5th Cir. 2002), finding that the relevant portions of the Texas law were not preempted by ERISA, because "they are within the [insurance] saving clause of ERISA and [because they] do not offer an additional remedy in conflict with ERISA's exclusive remedy." <u>Id.</u> at 786. Specifically, the Fifth Circuit based its holding on the fact that the case addressed "a state regulatory scheme that provides no new cause of action under state law and authorizes no new form of ultimate relief." <u>Id.</u> (citing <u>Moran</u>, 122 S.Ct. at 2159). These cases cited by Plaintiff are not relevant to the case at bar, because they addressed the issue of a state regulatory scheme that <u>did not provide for any new state law causes of action for relief</u>. <u>See id.</u> Rather, the only relief a plaintiff had under the state regulatory scheme at issue was to pursue a claim under ERISA Section 502(a). <u>See id.</u> In contrast, the Plaintiff here wishes to pursue various state law claims against the Defendants, rather than asserting a claim under ERISA Section 502. These state law claims are preempted by ERISA.

not preempt Plaintiff's claim that "medical payment was owed because [of a] representation that payment would be made." (Response, p. 4). Plaintiff cites the case Transitional Hosps. Corp., 164 F.3d at 954, which held that "ERISA does not preempt state law when the state-law claim is brought by an independent, third-party health care provider (such as a hospital) against an insurer for its negligent misrepresentation regarding the existence of health care coverage." Id.; see also Brown v. United Parcel Serv., 2000 WL 1701739, *2 (5th Cir. 2000) (internal citations omitted) ("ERISA does not preempt a state law claim in the context of negligent misrepresentation when the claim is brought by an independent, third-party (health care provider) against an insurer."). In order for such a negligent misrepresentation claim not to be preempted, "the claim in question [must not be] dependent on, and [must not be] derived from the rights of the plan beneficiar[y] to recover benefits under the terms of the plan." Transitional Hospitals Corp., 164 F.3d at 954 (citing Cypress Fairbanks Med. Ctr., Inc. v. Pan-Am. Life Ins. Co., 110 F.3d 280, 284 (5th Cir. 1997)); see also Ambulatory Infusion Therapy Specialists, Inc. v. Aetna Life Ins. Co., 2007 WL 320974, *8 (S.D. Tex. 2007) (internal citations omitted) ("If the dispute arises from alleged misrepresentations about the extent of plan coverage or benefits, a court must determine whether the claim in question is dependent on, and derived from the rights of the plan

beneficiaries to recover benefits under the terms of the plan.").

In this case, Plaintiff is not an "independent, third-party health care provider" -- rather, Plaintiff in this case is the actual plan beneficiary. <u>Transitional Hosps. Corp.</u>, 164 F.3d at 954; <u>see also</u> <u>Brown</u>, 2000 WL 1701739 at *2 (finding complete ERISA preemption of a negligent misrepresentation claim where plaintiff "[wa]s not an independent third party, but a beneficiary under the ERISA plan."). Further, as Plaintiff is suing in regards to Humana's denial of coverage for a portion of Plaintiff's treatment, this dispute is clearly "dependent on" and "derived from" Plaintiff's rights to recover benefits under the terms of the plan. <u>Transitional Hosps. Corp.</u>, 164 F.3d at 954. Accordingly, any claim brought by Plaintiff in connection with Humana's alleged representation regarding coverage would be preempted by ERISA, and the Court does not accept Plaintiff's argument on this point.

### 3.   <u>Humana's Alleged Failure to Conduct a Complete Investigation</u>

Plaintiff now alleges that Humana "failed to conduct a complete investigation" regarding coverage for Plaintiff's August 13 to September 7, 2005 treatment at the Betty Ford Center. (Response, p. 5).   Specifically, Plaintiff argues that Humana should have provided the reviewers of Plaintiff's claim with documentation regarding Plaintiff's earlier outpatient treatment for drug and alcohol dependence.   Plaintiff claims that "failure to

conduct a complete investigation such as present here is not preempted." (Id.).

Plaintiff's argument is not persuasive, and the cases Plaintiff cites do not support her argument on this point. Specifically, Plaintiff cites Hughes v. Blue Cross of N. California, 245 Cal.Rptr. 273, 281 (Cal. Ct. App. 1988), where the court raised the issue of ERISA preemption in its opinion, but found no preemption because "the record in the present case contains no admissions or stipulations with regard to the existence of a welfare benefit plan." Further, the court found that the issue of federal preemption was waived by the parties because it "was not raised in a timely manner." Id. ("[h]aving failed to raise the defense of federal preemption in pleading or at trial, Blue Cross has conclusively waived the issue on appeal."). The other case cited by Plaintiff for this proposition, Salley v. DuPont de Nemours & Co., 966 F.2d 1011, 104 (5th Cir. 1992), does not address ERISA preemption at all. In that case, the plaintiffs sued under ERISA over a termination of benefits for a hospitalization. See id.

With this argument, Plaintiff is essentially contesting Humana's coverage determination that Plaintiff's August 13 through September 7, 2005 stay at the Betty Ford Center was not "medically necessary." This argument may be relevant if Plaintiff were to bring a claim under ERISA Section 502(a), but it does not impact

ERISA preemption of Plaintiff's state law claims.  While Plaintiff claims that Humana erroneously determined that the treatment was not medically necessary, ERISA Section 502 "provides the civil enforcement mechanism for ... coverage determinations made under ERISA plans, and thus completely preempts any state law cause of action seeking the same relief."  <u>Manning v. Columbia Cas. Co.</u>, 2001 WL 1076132, *2 (N.D. Tex. 2001).  Accordingly, Plaintiff's argument on this point is preempted by ERISA.[13]

## IV.  <u>Conclusion</u>

For the reasons set forth above, Defendants' motion for summary judgment (D.E. 20) is hereby GRANTED, and Plaintiff's Texas state law claims for negligence, gross negligence, fraud, breach of contract, violations of the Texas DTPA and violations of the Texas

---

[13]Plaintiff also argues that "[f]ailure to completely review medical records also forms a basis for liability without preemption", and that "Humana can also be held liable where they made the 'medical necessity' decision and never examined the patient nor the doctors (sic) records as here."  (Response, p. 5).  Plaintiff cites two cases that do not address the issue of ERISA preemption, rather, in one case the plaintiffs sued for benefits under ERISA Section 502(a), and in the other case there is no reference at all to ERISA.  <u>See</u> <u>Bedrick v. Travelers Ins. Co.</u>, 93 F.3d 149, 151-52 (4th Cir. 1996) (plaintiffs suing for benefits under ERISA Section 502(a)); <u>Lopez v. Blue Cross of Louisiana</u>, 397 So.2d 1343 (La. 1981) (not making any reference to ERISA).  Plaintiff's argument on this point is not persuasive, because the issue here is that Plaintiff brings state law claims that are preempted by ERISA.  As noted above, the basis for Humana's medical necessity decision may be relevant if Plaintiff were to bring an enforcement action under ERISA Section 502(a).  However, Plaintiff does not bring such an action but rather asserts various state law claims, and the manner in which Humana made its determination does not preclude ERISA preemption of those claims.

Insurance Code are hereby DISMISSED as preempted by ERISA.  <u>See</u> 29 U.S.C. §§ 1142(a).  As Plaintiff has no remaining claims pending against Defendants, this case is hereby DISMISSED in its entirety.

SIGNED and ENTERED this 8th day of May, 2007.

_____
Janis Graham Jack
United States District Judge