**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| DEBORAH L. KINNISON,<br><br>Plaintiff,<br><br>v.<br><br>HUMANA HEALTH PLAN OF TEXAS, INC., et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action<br>No. C-06-355 |

**ORDER DENYING PLAINTIFF'S MOTION FOR REHEARING**

On this day came on to be considered Plaintiff Deborah Kinnison's "Motion for Rehearing" in the above-styled action (D.E. 28). Plaintiff asks the Court to "overrule" its May 8, 2007 Order holding that Plaintiff's state law claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"). (Motion for Rehearing, p. 7). For the reasons set forth below, Plaintiff's motion for rehearing is hereby DENIED.

## I. Rule 60(b) Motion for Relief From Judgment

### A. Classification of Plaintiff's Motion for Rehearing

Plaintiff filed her motion for rehearing on May 29, 2007. The Order Plaintiff seeks to have "overrule[d]" was entered on May 8, 2007 (D.E. 26). Accordingly, Plaintiff filed her motion for

rehearing more than ten business days after the date of the Court's Order granting Defendants' motion for summary judgment. The Court therefore will treat Plaintiff's motion as a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). See Poe v. Maersk Line Ltd., 2007 WL 1198917, *1 (E.D. La. 2007) ("Since the Federal Rules of Civil Procedure do not specifically recognize a motion for rehearing, such motions are treated as either a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure or a motion for relief from judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure."); Ford v. Elsbury, 32 F.3d 931, 937 (5th Cir. 1994) ("If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)."); Anglin v. Local Union 1351, 102 Fed.Appx. 367, 369 (5th Cir. 2004) (a motion which "challenges the prior judgment on the merits [] will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b). Under which Rule the motion falls turns on the time at which the motion is served. If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)."); Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990) (partially abrogated on other grounds) (same).

**B. Rule 60(b)**

Rule 60(b) of the Federal Rules of Civil Procedure provides as follows, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Motions under Rule 60(b) are directed to the sound discretion of the district court. See Crutcher v. Aetna Life Ins. Co., 746 F.2d 1076, 1082 (5th Cir. 1984).

Plaintiff does not specify in her motion, but the only potentially applicable provision in Rule 60(b) is that set forth in Section 60(b)(6), allowing for relief from judgment under "any other reason justifying relief from the operation of the judgment."

Fed. R. Civ. P. 60(b)(6). Id.[1]

**C. Considerations for a Rule 60(b)(6) Motion for Relief from Judgment**

Rule 60(b)(6) gives district courts the authority to vacate judgments whenever that action is appropriate to accomplish justice. See Klapprott v. United States, 35 U.S. 601, 614-15 (1949); Trade Arbed, Inc. v. African Exp., 941 F. Supp. 68, 70 (E.D. La. 1996). As noted above, Rule 60(b)(6) provides that a court may grant such relief for "any other reason justifying relief from the operation of the judgment." Section (b)(6)'s "any other reason" language refers to any reason other than the five enumerated grounds on which a court may grant a Rule 60(b) motion. See Klapprott, 335 U.S. at 614-15; Wilson v. Johns-Manville Sales Corp., 873 F.2d 869, 872 (5th Cir.), cert. denied, 493 U.S. 977

[1]Plaintiff does include a new affidavit with her motion for rehearing, from her former employer Mike Harvey. (Motion for Rehearing, Exh. 1). However, Plaintiff has not submitted any evidence - or even argued that - this affidavit could not have been included as part of Plaintiff's response to Defendants' motion for summary judgment. A motion under Rule 59(b)(2) requires "***newly discovered*** evidence which by due diligence ***could not have been discovered*** in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2) (emphasis added). The time to move for a new trial under Rule 59(b) is within ten days after entry of the judgment, which in this case passed before Plaintiff filed her motion for rehearing and supporting affidavit. Plaintiff does not present any evidence that this affidavit is "newly discovered" or that it could not have been offered at an earlier date. Rather, Plaintiff now attempts to submit evidence that could have been before the Court prior to the issuance of its Order finding ERISA preemption. Accordingly, Plaintiff's motion for rehearing cannot be brought under Rule 60(b)(2), but rather only under Rule 60(b)(6).

(1989). "Rule 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." Harrell v. DCS Equip. Leasing Corp., 951 F.2d 1453, 1458 (5th Cir. 1992). However, relief under Section 60(b)(6) is to be granted "'***only if extraordinary circumstances are present.***'" American Totalisator Co. v. Fair Grounds Corp., 3 F.3d 810, 815-16 (5th Cir. 1993) (citing Picco v. Global Marine Drilling Co., 900 F.2d 846, 851 (5th Cir. 1990)) (emphasis added); see also Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002) (same); C.P. Interests v. California Pools, Inc., 2002 WL 496385, *2 (5th Cir. 2002) (citing Fackelman v. Bell, 564 F.2d 734, 737 (5th Cir. 1977)) ("[R]ule 60(b)(6) is a[n] 'extraordinary remedy' available only in 'extraordinary circumstances.'"); Pantoja v. Texas Gas & Transmission Corp., 890 F.2d 955, 960 (7th Cir. 1989), cert. denied, 497 U.S. 1024 (1990) (Rule 60(b)(6) is to be applied only in "the most extraordinary of circumstances.").

**D. Plaintiff Does Not Present "Extraordinary Circumstances" For Relief from Judgment**

In this case, Plaintiff essentially argues that based on existing case law, the Court should have determined that Plaintiff's state law causes of action were not preempted by ERISA. Plaintiff argues that the Court should have viewed Humana's decision to deny coverage as a "mixed" treatment and coverage decision, and that as such Plaintiff should have been allowed to

proceed on her state law claims. Plaintiff had the opportunity to make – and in fact did make – these very same arguments in her response to Defendants' motion for summary judgment. (See D.E. 23, Plaintiff's Response to Defendants' Summary Judgment Motion).[2] Plaintiff has not presented any new arguments or any arguments that could not have been before the Court well prior to the issuance of its May 8, 2007 Order. A re-hashing of Plaintiff's previous arguments does not constitute the "extraordinary circumstances" necessary to succeed on a Rule 60(b)(6) motion for relief from judgment. See, e.g., Resolution Trust Corp. v. Holmes, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) ("neither a Rule 59 nor a Rule 60 motion provides the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier"); AMP Plus, Inc. v. Texas Instruments Inc., 2006 WL 522108, *2 (N.D. Tex. 2006) ("To the extent that Defendant urges reconsideration using the same arguments it used in its letter brief, Defendant fails to point to 'extraordinary circumstances' that justify relief from the Court's prior Order."); Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988) ("Despite what [the movant] appears to think, this Court's

---

[2]Plaintiff even had extra time to prepare her response to Defendants' motion for summary judgment. Defendants filed their motion on March 30, 2007 (D.E. 20), and Plaintiff's response was due on April 19, 2007. However, Plaintiff did not actually file her response until May 1, 2007, after the Court granted Plaintiff's motion to file a late response to the Defendants' motion (D.E. 25).

opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure"). Accordingly, Plaintiff's motion for rehearing does not present the requisite "extraordinary circumstances" that constitute grounds for relief from judgment under Rule 60(b)(6).[3] Hess, 281 F.3d at 216.

## II. Conclusion

For the reasons set forth above, the Court hereby DENIES Plaintiff's motion for rehearing in the above-styled action (D.E.

[3]The Court also notes that Plaintiff's arguments regarding Humana making a "mixed" treatment and coverage decision do not have merit in this action. Plaintiff complains of a decision Humana made after Plaintiff already received the full course of treatment at the Betty Ford Center. After her return from treatment, Plaintiff submitted her claim for reimbursement to Humana, and Humana denied coverage for a portion of Plaintiff's treatment on the grounds that such treatment was not medically necessary. The cases Plaintiff cites, particularly Pegram v. Hendrich, 530 U.S. 211 (2000), involve situations where the insurer was wearing "two hats," making treatment decisions that affected whether or not an insured received a particular course of care. In this case, Plaintiff's treatment was complete by the time she submitted her claim to Humana. The decision Plaintiff complains of was not a decision that impacted the treatment Plaintiff received – rather, the decision Plaintiff complains of was a decision made after Plaintiff had completed her full course of treatment at the Betty Ford Center. When Humana determined that it would not pay for a portion of that treatment, it was not wearing "two hats," and it was not acting as an "arranger or provider of medical care." Pegram, 530 U.S. at 228. The medical care had been provided, Humana's decision determined whether or not such care would be covered and paid for under the policy. As noted above, Plaintiff has not presented any "extraordinary circumstances" that would justify relief from judgment under Rule 60(b)(6). However, the Court also notes that Plaintiff's arguments do not have merit in this situation, and Plaintiff's state law claims remain preempted by ERISA Section 514(a).

28).

SIGNED and ENTERED this 8th day of June, 2007.

Janis Graham Jack
United States District Judge