```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                   CORPUS CHRISTI DIVISION
```

|  |  |  |
|---|---|---|
| DEBORAH L. KINNISON, | § § § § § § | |
| Plaintiff, | § § | Civil Action No. C-06-355 |
| v. | § § | |
| HUMANA HEALTH PLAN OF TEXAS, INC., et al., | § § § § § | |
| Defendants. | § § § § | |

## ORDER

On this day came on to be considered Plaintiff Deborah Kinnison's "Motion to Reopen Case" in the above-styled action (D.E. 31). As the Court has ruled on all of Plaintiff's pending motions, and final judgment was entered DISMISSING this case in its entirety on May 9, 2007 (D.E. 27), Plaintiff's motion to reopen is hereby DENIED.[1]

---

[1] The Court also notes that Plaintiff argues in her motion that a party "ha[s] thirty (30) days" after entry of summary judgment "to file her Motion for New Trial." (D.E. 41, ¶ 4). This is not correct. Under Federal Rule of Civil Procedure 59(e), a "Motion to Alter or Amend Judgment" "shall be filed no later than 10 days after entry of judgment." Fed. R. Civ. P. 59(e). Motions for relief from judgment under Federal Rule of Civil Procedure 60(b) must be "made within a reasonable time ... [and in certain cases] not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b). Because it was filed more than ten days after entry of judgment, the Court did address Plaintiff's "Motion for

SIGNED and ENTERED this 8th day of June, 2007.

_____
Janis Graham Jack
United States District Judge

---

Rehearing" (D.E. 28) as a motion for relief from judgment under Rule 60(b).  Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), a party does have thirty days to appeal a decision of the district court to the appellate court, but this does not impact the deadline for a motion for "new trial" before the district court.  Fed. R. App. P. 4(a)(1)(A).